1  Bingham McCutchen LLP
   WENDY M. LAZERSON (SBN 97285)
2  wendy.lazerson@bingham.com
   ELIZABETH CARROLL (SBN 234751)
3  betsy.carroll@bingham.com
   EMILY LEAHY (SBN 253866)
4  emily.leahy@bingham.com
   1900 University Avenue
5  East Palo Alto, CA  94303-2223
   Telephone:  650.849.4400
6  Facsimile:  650.849.4800

7  Attorneys for Defendant
   General Motors Corporation
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  BRIAN HOUGH, individually, and on          No. _O8 - C V - l07⍵W (N L S)_
    behalf of all other similarly situated
13  current and former employees of            NOTICE OF NOTICE TO STATE
    Defendants in the State of California,     COURT OF REMOVAL TO
14                                             FEDERAL COURT
                 Plaintiffs,
15
         v.                                    Complaint Filed:     May 8, 2008
16
    AEROTEK, INC., a Maryland
17  Corporation; GENERAL MOTORS
    CORPORATION, a Delaware
18  Corporation; and DOES 1 through 100
    inclusive,
19
                 Defendants.
20

21

22       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23            PLEASE TAKE NOTICE that on June 17, 2006, Defendant General

24  Motors Corporation ("GM"), filed with the Superior Court of California, County of

25  San Diego, and served on the adverse party in this action, Plaintiff Brian Hough, a

26  Notice to Adverse Party of Removal to Federal Court pursuant to 28 U.S.C.

27  sections 1441 and 1453(b), based on "traditional" diversity jurisdiction and

28  jurisdiction under the Class Action Fairness Act of 2005 (28 U.S.C. section

1    1332(d)(2)).  A true and correct copy of the Notice of Removal to Federal Court is

2    attached hereto, along with a Proof of Service upon Plaintiff.

3

4    DATED:  June ___, 2008          Bingham McCutchen LLP

5

6

7    By:_____

8                    Wendy M. Lazerson
                     Attorneys for Defendant
                     General Motors Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72565606.1/0201222-0000333376                 2

NOTICE OF NOTICE TO STATE COURT OF REMOVAL CASE NO.

COPY

1  Bingham McCutchen LLP
   WENDY M. LAZERSON (SBN 97285)
2  ELIZABETH CARROLL (SBN 234751)
   EMILY LEAHY (SBN 253866)
3  1900 University Avenue
   East Palo Alto, CA  94303-2223
4  Telephone:  650.849.4400
   Facsimile:  650.849.4800
5  Email:  wendy.lazerson@bingham.com

6  Attorneys for Defendant
   General Motors Corporation
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10                                                    BY FAX

11  BRIAN HOUGH, individually, and on behalf of     No. 37-2008-00083508-CU-MT-CTL
    all similarly situated current and former
12  employees of Defendants in the State of          DEFENDANT GENERAL MOTORS
    California,                                       CORPORATION'S NOTICE OF
13                                                    REMOVAL TO FEDERAL COURT
                     Plaintiffs,
14         v.

15  AEROTEK, INC., a Maryland Corporation;           Complaint Filed:   May 8, 2008
    GENERAL MOTORS CORPORATION, a                    Judge:    Michael M. Anello
16  Delaware Corporation; and DOES 1 through 100
    inclusive,
17
                     Defendants.
18

19

20          TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD AND TO THE

21  CLERK OF THE SUPERIOR COURT:

22          PLEASE TAKE NOTICE that a Notice of Removal of Civil Action Pursuant to

23  28 U.S.C. Sections 1332, 1441, and 1453, concerning this action, was filed in the United States

24  District Court, Southern District of California, on June 17, 2008.  A true and correct copy of the

25  Notice of Removal of Civil Action Pursuant to 28 U.S.C. Sections 1332, 1441, and 1453, filed

26  //

27  //

28
    A/72565592.1/0201222-0000333376

                  DEFENDANT GENERAL MOTORS CORPORATION'S NOTICE OF
                            REMOVAL TO FEDERAL COURT

1    by Defendant General Motors Corporation is attached to this Notice, and is filed and served

2    herewith.

3    DATED:  June ___17___, 2008

4

5                                        Bingham McCutchen LLP

6

7                          By:_____

8                                        Wendy M. Lazerson
                                         Attorneys for Defendant
9                                        General Motors Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GENERAL MOTORS CORPORATION'S NOTICE OF
REMOVAL TO FEDERAL COURT

# EXHIBIT A



FILED
JUN 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

1  Bingham McCutchen LLP
   WENDY M. LAZERSON (SBN 97285)
2  wendy.lazerson@bingham.com
   ELIZABETH CARROLL (SBN 234751)
3  betsy.carroll@bingham.com
   EMILY LEAHY (SBN 253866)
4  emily.leahy@bingham.com
   1900 University Avenue
5  East Palo Alto, CA  94303-2223
   Telephone:  650.849.4400
6  Facsimile:  650.849.4800

7  Attorneys for Defendant
   General Motors Corporation
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  BRIAN HOUGH, individually, and on          '08 CV 1076 W NLS
    behalf of all other similarly situated
13  current and former employees of            NOTICE OF REMOVAL OF
    Defendants in the State of California,     CIVIL ACTION PURSUANT TO
14                                             28 U.S.C. SECTIONS 1332, 1441,
              Plaintiffs,                      AND 1453 (DIVERSITY AND
15                                             CLASS ACTION FAIRNESS ACT
        v.                                     OF 2005)
16
    AEROTEK, INC., a Maryland
17  Corporation; GENERAL MOTORS                Complaint Filed:       · May 8, 2008
    CORPORATION, a Delaware
18  Corporation; and DOES 1 through 100
    inclusive,
19
              Defendants.
20

21       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22       PLEASE TAKE NOTICE that Defendant General Motors

23  Corporation ("GM"), by and through its counsel, files this Notice of Removal to

24  remove the state court action described below to the United States District Court

25  for the Southern District of California, under 28 U.S.C. sections 1441 and 1453(b),

26  based on "traditional" diversity jurisdiction and jurisdiction under the Class Action

27  Fairness Act of 2005 (28 U.S.C. section 1332(d)(2)).  In support of the removal of

28  the action, GM states as follows:

A/72562036.4/0201222-0000333376

NOTICE OF REMOVAL OF CIVIL ACTION

**JURISDICTION AND ASSIGNMENT TO COURT**

1.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1).  It is an action in which there is complete diversity between the Plaintiff and the Defendants and the amount in controversy for Plaintiff Brian Hough's ("Plaintiff" or "Hough") claims exceed $75,000.  Thus, the action is removable pursuant to 28 U.S.C. section 1441.

2.     This is also a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d)(2).  It is a class action in which there is diversity between at least one plaintiff and the defendant and the amount in controversy exceeds $5 million, exclusive of interest and costs.  *Id.*  This action is removable by the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. sections 1332(d), 1441(a), and 1453(b), because the U.S. District Courts now have original jurisdiction over class actions meeting the above-listed requirements.

3.     Assignment to this Court is proper because the civil action is being removed from the California Superior Court, County of San Diego.

**STATE COURT ACTION**

4.     On May 8, 2008, Plaintiff Brian Hough filed this action in the Superior Court of California, County of San Diego, Case No. 37-2008-00083508-CU-MT-CTL.

5.     On May 21, 2008, Plaintiff served the Summons and Complaint on GM's agent for service of process.  True and correct copies of the Summons, Complaint, and proof of service thereof are attached to this Notice as Exhibit A.  GM filed its unverified Answer to Plaintiff's Complaint on June 16, 2008.  A true and correct copy of GM's Answer is attached hereto as Exhibit B.  A true and correct copy of Aerotek's Answer is attached hereto as Exhibit C.

//

//

A/72562036.4/0201222-0000333376

2

NOTICE OF REMOVAL OF CIVIL ACTION  CASE NO. _____

1                                **CITIZENSHIP**

2        6.     To establish "traditional" diversity jurisdiction, all plaintiffs must be

3 citizens of different States (or foreign states) than all defendants. 28 U.S.C. § 1332

4 (a)(1). Only the citizenship of the named parties in a purported class action (the

5 representative plaintiff(s) and defendant(s)) is considered for diversity purpose. As

6 long as no defendant resides in the same state as any class representative, there is

7 sufficient diversity of citizenship. *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

8        7.     To establish "minimal diversity" pursuant to CAFA, "any member of a

9 class of plaintiffs" must be the citizen of a different state than any defendant.

10 28 U.S.C. § 1332(d)(2)(A).

11        8.     Plaintiff Brian Hough was at the time of filing of this action, and still

12 is, a citizen of the State of California. In addition, Hough seeks to represent a class

13 of current and former employees of Defendant in the State of California

14 (Complaint ¶8); thus, the proposed class includes individuals who are citizens of

15 the State of California.

16        9.     Defendant GM was at the time of filing of this action, and still is, a

17 corporation incorporated under the laws of the State of Delaware, having its

18 principal place of business in the State of Michigan.

19       10.    Defendant Aerotek was at the time of filing of this action, and still is,

20 a corporation incorporated under the laws of the State of Maryland having its

21 principal place of business in the State of Maryland, and to GM's knowledge, is

22 the only other Defendant upon whom Plaintiff served a Summons and Complaint

23 in this action.

24       11.    Does 1 through 100 are defendants sued under fictitious names and

25 their citizenship shall be disregarded for purposes of removal pursuant to 28 U.S.C.

26 section 1441(a).

27 //

28 //

A/72562036.4/0201222-0000333376                   3

NOTICE OF REMOVAL OF CIVIL ACTION  CASE NO. _____

1    **<u>AMOUNT IN CONTROVERSY - DIVERSITY</u>**

2          12.    To establish subject matter jurisdiction under "traditional" diversity

3    jurisdiction, the amount in controversy must $75,000.  28 U.S.C. § 1332(a).

4          13.    Here, the amount at issue for Hough's claims is <u>at least $222,000</u>.

5          14.    Hough seeks damages for Defendants' alleged failure to indemnify

6    Hough for the cost of obtaining and maintaining a new GM vehicle at least every

7    two years (Complaint ¶23(a)), a claim with a minimum amount in controversy of

8    <u>$40,000</u>.  The automobile Hough purchased under the alleged unlawful policy is a

9    sport utility vehicle that cost approximately $40,000.  In addition, to the extent

10   Hough incurred maintenance costs under the alleged unlawful policy, the amount

11   of alleged compensatory damages under this claim would be even greater.

12         15.    Further, Hough claims that because Defendants' alleged vehicle

13   purchase requirement forms the basis for criminal violations, punitive damages are

14   also available (Complaint ¶25), for which the amount at issue for Hough's claim as

15   an individual is <u>$160,000</u> or more.  The amount in controversy requirement may be

16   satisfied by considering a claim for punitive damages.  *Golden ex rel. Golden v.*

17   *Golden*, 382 F.3d 348, 356 (3d. Cir. 2004).  An award of punitive damages under

18   California law "'in the usual case'" may be four times the award of compensatory

19   damages or more.  *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159,

20   1182-1183 (2005).  Four times Hough's individual compensatory damages claim

21   for the alleged vehicle purchase requirement is $164,000.

22         16.    Hough estimates the amount of his overtime claim to be <u>$18,000-</u>

23   <u>$35,000</u>, excluding periods in which Plaintiff claims to have worked up to 70 hours

24   per week and periods where he allegedly was entitled to double his regular rate of

25   pay.

26         17.    The amount at issue as a result of Hough's individual claim for failure

27   to provide accurate itemized wage statements (Complaint ¶33) is <u>$4,000</u>.  Under

28   //

A/72562036.4/0201222-0000333376          4

1   California Labor Code section 226, the potential recovery for such a claim is

2   $4,000 per plaintiff.

3        18.    In addition, the amount at issue for Hough's individual claim is even

4   greater because Hough also alleges the following additional claims: 1) failure to

5   reimburse for expenses incurred in use of personal vehicles under California Labor

6   Code section 2802 (Complaint ¶22); 2) failure to pay all wages due upon

7   termination of employment under California Labor Code section 203 (Complaint

8   ¶34) (under California Labor Code section 203, aggrieved employees' wages

9   continue for 30 days following termination); and 3) violation of California

10  Business and Professions Code section 17200 *et seq.* (Complaint ¶¶37-47).  Hough

11  seeks nominal damages, actual damages, compensatory damages, restitution,

12  disgorged profits, statutory penalties, punitive damages as a result of the alleged

13  vehicle-buying requirement, attorneys' fees, injunctive relief, equitable relief, and

14  declaratory relief.  *See* Complaint, Prayer for Relief.

15       19.    Further, the Complaint requests statutory attorneys' fees (Complaint

16  ¶24, Prayer for Relief).  Where a statute authorizes an award of attorneys' fees to a

17  prevailing party, attorneys' fees may be included in the amount in controversy for

18  jurisdictional purposes.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th

19  Cir. 1998).  California Labor Code section 2802(c) provides for recovery of

20  attorneys' fees in connection with a claim Hough alleges in the instant action,

21  failure to provide expense reimbursement and thus the potential attorneys' fees

22  award increases the amount in controversy.

23              **AMOUNT IN CONTROVERSY - CAFA**

24       20.    To establish subject matter jurisdiction under CAFA, the amount in

25  controversy must exceed $5 million.  28 U.S.C. § 1332(d).  If, as here, damages are

26  not specified in the complaint, it must be more likely than not that the amount at

27  issue exceeds $5 million.  *Lowdermilk v. U.S. Bank Nat'l Assn.*, 479 F.3d 994, 998

28  //

A/72562036.4/0201222-0000333376                5

1    (9th Cir. 2007).  Aggregation of the claims of all members of the proposed class is

2    proper under CAFA.  28 U.S.C. § 1332(d)(6).

3        21.    Here, the amount at issue for the aggregate claims of all members of

4    the proposed class is <u>at least $5.83 million</u>, and is likely significantly greater.

5    Plaintiff alleges that the total proposed class includes over 100 individuals

6    employed over a four-year period.  Complaint ¶¶8, 11(a).

7        22.    Plaintiff seeks damages for Defendants' alleged failure to indemnify

8    Plaintiff and the proposed class members for the cost of obtaining and maintaining

9    a new GM vehicle at least every two years (Complaint ¶23(a)), a claim with a

10    minimum amount in controversy of more than <u>$1.08 million</u>.  Even if Plaintiff

11    alleged that each proposed class member obtained only one vehicle and bought the

12    base version of the least expensive GM model, the Chevy Aveo, which has a

13    suggested retail price of $10,895 (*see* Request for Judicial Notice Ex. A), the

14    amount of this potential claim for the estimated 100 or more proposed class

15    members would be $1,089,500.  In addition, given Plaintiff's allegations that this

16    claim is subject to a four-year statute of limitations and that Defendants required

17    the vehicles to be no more than two years old (Complaint ¶22), many individuals

18    would be required under the alleged policy to purchase multiple vehicles, thereby

19    increasing the amount of compensatory damages at issue.  Further, for Plaintiff and

20    those members of the proposed class who purchased more expensive models than

21    the Aveo (models costing upwards of $20,000-$40,000), the amount of

22    compensatory damages at issue for this claim more than doubles, triples, or even,

23    as in Plaintiff's case, quadruples.

24        23.    Moreover, Plaintiff claims that because Defendants' alleged vehicle

25    purchase requirement forms the basis for criminal violations, punitive damages are

26    also available (Complaint ¶25), for which the amount at issue is at least <u>$4.35</u>

27    <u>million</u>.  The amount in controversy requirement may be satisfied by considering a

28    claim for punitive damages.  *Golden*, 382 F.3d at 356.  An award of punitive

NOTICE OF REMOVAL OF CIVIL ACTION  CASE NO. _____

1    damages under California law "'in the usual case'" may be four times the award of

2    compensatory damages or more. *Simon*, 35 Cal. 4th at 1182-1183. Four times

3    Plaintiff's minimum compensatory damages claim on behalf of the class for the

4    alleged vehicle purchase requirement is $4,358,000.

5        24.    The amount at issue as a result of Plaintiff's claim for failure to

6    provide accurate itemized wage statements (Complaint ¶33) is <u>$400,000</u> or more.

7    Under California Labor Code section 226, the potential recovery for such a claim

8    is $4,000 per plaintiff, or approximately $400,000 at stake for class of 100.

9        25.    In addition, the amount at issue is even greater because Plaintiff also

10    alleges the following additional claims: 1) failure to reimburse for expenses

11    incurred in use of personal vehicles under California Labor Code section 2802

12    (Complaint ¶22); 2) failure to pay overtime wages for "regular[] work [of] more

13    than eight (8) hours in a single work day[], and/or for (40) hours in a single work

14    week"[1] (Complaint ¶29); 3) failure to pay all wages due upon termination of

15    employment under California Labor Code section 203 (Complaint ¶34) (under

16    California Labor Code section 203, aggrieved employees' wages continue for 30

17    days following termination); and 4) violation of California Business and

18    Professions Code section 17200 *et seq.* (Complaint ¶¶37-47). On behalf of the

19    proposed class, Plaintiff seeks nominal damages, actual damages, compensatory

20    damages, restitution, disgorged profits, statutory penalties, punitive damages as a

21    result of the alleged vehicle-buying requirement, attorneys' fees, injunctive relief,

22    equitable relief, and declaratory relief. *See* Complaint, Prayer for Relief.

23        26.    Further, the Complaint requests statutory attorneys' fees (Complaint,

24    Prayer for Relief), which may be included in the amount in controversy for

25    jurisdictional purposes under CAFA. *Lowdermilk*, 479 F.3d at 1000. Attorneys'

26    ————————————————

27    [1] Given Plaintiff's allegation that he and the proposed class members "regularly" worked overtime, the potential value of this claim is substantial.

28

A/72562036.4/0201222-0000333376       7

NOTICE OF REMOVAL OF CIVIL ACTION  CASE NO. _____

1   fees "can exceed six figures in a class action and are properly aggregated and

2   considered for purposes of determining the amount in controversy under CAFA."

3   *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d. Cir. 2007).

4   **COMPLIANCE WITH 28 U.S.C. SECTION 1446**

5   27.    Pursuant to 28 U.S.C. 1446(a), copies of all documents received by

6   GM's counsel in the state court action are being filed with this Notice of Removal.

7   28.    Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is filed

8   within 30 days of the service on Aerotek and GM of the pleadings setting forth the

9   claim for relief upon which the state court action is based.

10   29.    Pursuant to 28 U.S.C. 1446(d), GM will promptly provide written

11   notice of the removal of the state court action to Plaintiffs, through their attorneys

12   of record, and to the Superior Court of the State of California, County of San

13   Diego.

14   30.    Aerotek consents to the removal of the state court action to this Court

15   and will file and serve a Notice of Joinder in Removal.

16   WHEREFORE, GM respectfully requests that this case be removed

17   from the Superior Court of the State of California, County of San Diego to the

18   United States District Court, Southern District of California, for final

19   determination.

20

21   DATED: June 17, 2008        Bingham McCutchen LLP

22

23                              By: _____

24                                   Wendy M. Lazerson
                                     Attorneys for Defendant
25                                   General Motors Corporation

26

27

28

A/72562036.4/0201222-0000333376                    8

NOTICE OF REMOVAL OF CIVIL ACTION  CASE NO. _____

**BRIAN HOUGH, individually, and on behalf of all other
similarly situated current and former employees of Defendants
in the State of California,**

**v.**

**AEROTEK, INC., a Maryland Corporation; GENERAL
MOTORS CORPORATION, a Delaware Corporation; and
DOES 1 through 100 inclusive**

Case No. _____

## TABLE OF CONTENTS

| **EXHIBIT** | **TITLE** | **PAGES** |
|---|---|---|
| Exhibit A | Summons/Complaint | A0001 - A0025 |
| Exhibit B | Defendant General Motors Corporation's Answer to Named Plaintiff's Class Action Complaint | A0026 - A0032 |
| Exhibit C | Answer of Defendant Aerotek, Inc., to Plaintiff's Unverified Class Action Complaint | A0033 - A0042 |

**BRIAN HOUGH, individually, and on behalf of all other
similarly situated current and former employees of Defendants
in the State of California,**

v.

**AEROTEK, INC., a Maryland Corporation; GENERAL
MOTORS CORPORATION, a Delaware Corporation; and
DOES 1 through 100 inclusive**

Case No. _____

## TABLE OF CONTENTS

| EXHIBIT | TITLE | PAGES |
|---|---|---|
| Exhibit A | Summons/Complaint | A0001 - A0025 |
| Exhibit B | Defendant General Motors Corporation's Answer to Named Plaintiff's Class Action Complaint | B0026 - B0032 |
| Exhibit C | Answer of Defendant Aerotek, Inc., to Plaintiff's Unverified Class Action Complaint | C0033 - C0042 |

A/72569789.1

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AEROTEK, INC., a Maryland Corporation; GENERAL MOTORS
CORPORATION, a Delaware Corporation; and DOES 1 through 100,
inclusive,

FILED
CIVIL BUSINESS OFFICE 5

2008 MAY -8 P 12: 28

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
BRIAN HOUGH, individually, and on behalf of all other similarly situated
current and former employees of Defendants in the State of California

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)* 37-2008-00083508-CU-MT-CTL |
|---|---|

SUPERIOR COURT OF CALIFORNIA IN AND FOR SAN DIEGO
CENTRAL JUDICIAL DISTRICT - HALL OF JUSTICE
330 West Broadway          San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harvey C. Berger                  POPE, BERGER & WILLIAMS, LLP
550 West C Street, Suite 1400     San Diego, CA 92101
(619) 595-1366

| DATE: MAY 0 8 2008 | Clerk, by M. Scott | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: General Motors corporation, a Delaware corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other. *(specify)*:
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] Martin Dean's Essential Forms ™ | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

HOUGH 5052

1  Harvey C. Berger, Esq. (SBN 102973)
   **POPE, BERGER & WILLIAMS, LLP**
2  550 West "C" Street, Suite 1400
   San Diego, California 92101
3  Telephone: (619) 595-1366
   Facsimile: (619) 236-9677
4
   Attorneys for Named Plaintiff BRIAN HOUGH, individually, and on behalf of all other
5  similarly situated current and former employees of Defendants in the State of California
6
7
8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9               **IN AND FOR THE COUNTY OF SAN DIEGO**
10            **CENTRAL DIVISION – HALL OF JUSTICE**
11

| | |
|---|---|
| 12  BRIAN HOUGH, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California, | ) Case No.: ___37-2008-00083508-CU-MT-CTL___ ) **CLASS ACTION** ) ) Judge: _____ ) Dept.: _____ ) |
| 15      Plaintiffs, | ) **NAMED PLAINTIFF'S CLASS ACTION** |
| 16  v. | ) **COMPLAINT** ) |
| 17  AEROTEK, INC., a Maryland Corporation; GENERAL MOTORS CORPORATION, a Delaware Corporation; and DOES 1 through 100 inclusive, | ) ) ) ) |
| 19      Defendants. | ) Complaint Filed: _____ ) Trial Date: _____ |

21      Named Plaintiff BRIAN HOUGH, individually, and on behalf of all other similarly situated

22  current and former employees of Defendants in the State of California (hereinafter, collectively

23  referred to as "Plaintiffs"), alleges as follows:

24                        **I. JURISDICTION AND VENUE**

25      1.      Plaintiffs are informed and believe, and thereon allege that Defendant AEROTEK,

26  INC. is, and at all times relevant hereto was, a corporation organized and existing under and by

27  virtue of the laws of the State of Maryland (hereinafter, referred to as "AEROTEK"). Plaintiffs are

28  informed and believe, and thereon allege that Defendant GENERAL MOTORS CORPORATION

                                    - 1 -

1  is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of

2  the laws of the State of Delaware (hereinafter, referred to as "GM").

3      2.    Plaintiffs are informed and believe, and thereon allege that AEROTEK has done

4  business in the State of California within the four (4) years preceding the filing of this Complaint,

5  including employing the Named Plaintiff and all Plaintiffs, separately and/or jointly with other

6  Defendants named herein, within the jurisdiction of the Central Division of the County of San

7  Diego. Plaintiffs are, therefore, informed and believe and thereon allege that AEROTEK is, and at

8  all times relevant hereto was, an employer of the Named Plaintiff and some or all Plaintiffs for

9  purposes of the California wage-and-hour laws at issue in this action, and may be sued in the Central

10  Division of the County of San Diego on the causes of action alleged herein.

11      3.    Plaintiffs are informed and believe, and thereon allege that GM has done business

12  in the State of California within the four (4) years preceding the filing of this Complaint, including

13  employing the Named Plaintiff and all Plaintiffs, separately and/or jointly with other Defendants

14  named herein, within the jurisdiction of the Central Division of the County of San Diego. Plaintiffs

15  are, therefore, informed and believe and thereon allege that GM is, and at all times relevant hereto

16  was, an employer of the Named Plaintiff and some or all Plaintiffs for purposes of the California

17  wage-and-hour laws at issue in this action, and may be sued in the Central Division of the County

18  of San Diego on the causes of action alleged herein.

19      4.    Plaintiffs are also informed and believe, and thereon allege that this Court is the

20  proper Court because for part or all of the "Class Period" that Plaintiffs will seek certification of in

21  this case: the Named Plaintiff and some or all Plaintiffs performed work which is the subject of this

22  action in the State of California, and within the Central Division of the County of San Diego;

23  AEROTEK and/or GM and/or DOES 1 through 100 maintained offices and transacted business as

24  it relates to the Named Plaintiff and some or all Plaintiffs in the State of California, and within the

25  Central Division of the County of San Diego; and some or all of AEROTEK's and/or GM's and/or

26  DOES 1 through 100's obligations and liabilities to the Named Plaintiff and some or all Plaintiffs

27  arose in the State of California, and within the Central Division of the County of San Diego.

28  ///

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

## II. GENERAL FACTUAL ALLEGATIONS

5. Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 4, above.

6. Plaintiffs bring this employment class action against AEROTEK, GM, DOES 1 through 100 (hereinafter, collectively referred to as "DEFENDANTS") to recover for their employment expense and overtime claims as alleged herein. Plaintiffs reserve the right to name additional Named Plaintiffs and potential Class Representatives.

7. Plaintiffs are informed and believe, and thereon allege that DEFENDANTS' primary business activity in the State of California as it relates to Plaintiffs is to employ Plaintiffs to educate and encourage automobile service establishments in California to purchase "ACDelco" parts and supplies, the "ACDelco" brand being owned by GM, which manufactures automobiles and automobile parts and supplies. Plaintiffs are informed and believe, and thereon allege that AEROTEK and GM and some or all of DOES 1 through 100 operate to employ Plaintiffs for this purpose as a joint venture, partnership, or under some other business relationship. Therefore, as related to Plaintiffs' claims alleged herein, DEFENDANTS are obligated to comply with California employment laws, including but not limited to certain sections of the California Labor Code, the California Code of Regulations as contained in California Industrial Welfare Commission Wage Order Nos. 1-2001, 4-2001, and/or 7-2001, and the California Business & Professions Code.

8. Plaintiffs are informed and believe, and thereon allege that Named Plaintiff BRIAN HOUGH was employed by, and performed work for the benefit of each and every of the DEFENDANTS in the State of California within the four (4) years before the filing of this Complaint. In his employment for DEFENDANTS, Named Plaintiff BRIAN HOUGH worked as a "District Sales Manager." The Named Plaintiff intends to seek certification of a class of individuals who have performed work for and/or have been employed by DEFENDANTS as "District Sales Managers" (or with similar job titles, and/or with job duties similar to "District Sales Managers") in the State of California within the four (4) years before the filing of this Complaint, and continuing to trial or until an appropriate ending date for a Class Period; the term "Plaintiffs" as used herein is intended to encompass all such "District Sales Managers."

-3-

1    9.    Plaintiffs are informed and believe, and thereon allege that Named Plaintiff BRIAN

2    HOUGH was hired by AEROTEK; was trained by GM employees in Flint, Michigan; reported to

3    a GM employee "Market Area Manager" throughout the course of his employment; reported to

4    AEROTEK management employees throughout the course of his employment; and was paid wages

5    by AEROTEK. Plaintiffs are informed and believe, and thereon allege that in his capacity working

6    as a trained "District Sales Manager" for DEFENDANTS, Named Plaintiff BRIAN HOUGH

7    represented DEFENDANTS by traveling to automobile service establishments and their warehouse

8    facilities in California, and promoting "ACDelco" parts and supplies. Among other things, in the

9    course and scope of his employment for DEFENDANTS:

10        a.    Named Plaintiff BRIAN HOUGH did not make any direct or indirect sales

11            of "ACDelco" parts and supplies;

12        b.    In order to perform his job duties, DEFENDANTS required Named Plaintiff

13            BRIAN HOUGH to drive his personal automobile from location to location,

14            but DEFENDANTS did not fully reimburse him for travel expenses on his

15            personal vehicle reasonably and necessarily incurred in the course and scope

16            of his employment;

17        c.    DEFENDANTS also required Named Plaintiff BRIAN HOUGH to obtain

18            and maintain for such work purposes, a GM vehicle two years old or newer;

19            specifically, during training as a "District Sales Manager" and throughout the

20            course of his employment, both AEROTEK and GM management employees

21            told Named Plaintiff BRIAN HOUGH that his position required him to drive

22            a GM vehicle two years old or newer for work purposes; and

23        d.    Named Plaintiff BRIAN HOUGH regularly worked more than eight (8) hours

24            in a single work days, and/or forty (40) hours in a single work week, but

25            DEFENDANTS did not pay him overtime wages.

26    Plaintiffs are informed and believe, and thereon allege that all other "District Sales Manager"

27    Plaintiffs in California were subjected to the same or similar practices by DEFENDANTS.

28    ///

- 4 -

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

### III. CLASS ACTION ALLEGATIONS

10.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 9, above.

11.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number because Plaintiffs are informed and believe and thereon allege that within the past four (4) years DEFENDANTS employed at any one time, thirty (30) or more "District Sales Managers" throughout the State of California.  There also are numerous former employees who were subjected to the same or similar illegal payroll practices and policies, with a total class estimated to be in the range of over one hundred (100) such current and former employees.  Joinder of all current and former employees individually would be impractical;

b.    This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies throughout the State of California, which were applied to all "District Sales Managers" (and individuals with similar job titles, and/or with job duties similar to "District Sales Managers") in violation of certain sections of the California Labor Code, the California Code of Regulations, and the California Business and Professions Code (which prohibits unfair and unlawful business practices arising from such violations).

c.    The claims of the Named Plaintiff (and other as yet unnamed Named Plaintiffs and/or Class Representatives) are typical of the class because DEFENDANTS subjected all of their "District Sales Managers" (and individuals with similar job titles, and/or with job duties similar to "District Sales Managers") to similar and/or identical violations of certain sections of the California Labor Code, the California Code of Regulations, and the California Business and Professions Code.

- 5 -

d.      The Named Plaintiff (and other as yet unnamed Named Plaintiffs and/or Class Representatives) is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due for all claims alleged herein.

## IV. OTHER GENERAL ALLEGATIONS

12.     Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 11, above.

13.     Plaintiffs are informed and believe, and thereon allege that at all relevant times herein DOES 1 through 50 are/were individuals who owned, controlled, and/or managed the corporate affairs of AEROTEK, GM, and other of the DOE DEFENDANTS, and/or directly or indirectly exercised operational control over the wages, hours, expenses, and working conditions of Plaintiffs, and/or engaged in fraudulent and/or tortious activity to the detriment of Plaintiffs as alleged herein. Specifically, DOES 1 through 50 maintained offices, operated businesses, employed persons, conducted business in, and illegally under-compensated employees throughout the State of California, including Plaintiffs, through the payroll practices and policies described herein, and are thus subject to the jurisdiction of the State of California. Further, DOES 1 through 50 are "employers" as a matter of law for purposes of imposing personal liability for the Labor Code violations alleged herein, pursuant to California wage-and-hour laws.

14.     Plaintiffs are informed and believe, and thereon allege that at all relevant times herein DOES 51 through 100: are/were corporations, partnerships, companies, or other business entities; are/were qualified to transact and conduct business in the State of California, and/or did and do transact and conduct business in the State of California even if without being qualified to transact and conduct business in California; owned, controlled, and/or managed the corporate affairs of AEROTEK, GM, and other of the DOE DEFENDANTS; and/or directly or indirectly exercised operational control over the wages, hours, expenses, and working conditions of Plaintiffs, and/or engaged in fraudulent and/or tortious activity to the detriment of Plaintiffs as alleged herein. Specifically, DOES 51 through 100 maintained offices, operated businesses, employed persons,

- 6 -

1   conducted business in, and illegally under-compensated employees throughout the State of

2   California, including Plaintiffs, through the payroll practices and policies described herein, and are

3   thus subject to the jurisdiction of the State of California.  Further, DOES 51 through 100 are

4   "employers" as a matter of law for purposes of imposing liability for the Labor Code violations

5   alleged herein, pursuant to California wage-and-hour laws.

6       15.    Plaintiffs are informed and believe, and thereon allege that at all relevant times herein

7   DOES 1 through 100 are/were the officers, owners, executives, directors, partners, or shareholders

8   of AEROTEK and/or GM and of one another, who were acting on behalf of AEROTEK and/or GM

9   and of one another in the establishment of, ratification of, and/or execution of the illegal payroll

10  practices and policies described herein.  Plaintiffs are informed and believe, and thereon allege that

11  at all times relevant hereto DOES 1 through 100 have held ownership, officer, director and/or

12  executive positions with AEROTEK and/or GM and with one another, which included decision-

13  making responsibility for, and establishment and execution of, illegal payroll practices and policies

14  for AEROTEK and/or GM and one other; therefore, AEROTEK, GM and DOES 1 through 100 are

15  jointly liable on the causes of action alleged herein.  Plaintiffs are further informed and believe and

16  thereon allege that AEROTEK, GM, and DOES 1 through 100 are Plaintiffs' joint employers by

17  virtue of a joint enterprise; Plaintiffs perform, and have performed, services for each and every of

18  DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS have

19  shared control of Plaintiffs as employees, either directly or indirectly, and the manner in which

20  DEFENDANTS' business is conducted.

21      16.    Plaintiffs are informed and believe, and thereon allege that there exists such a unity

22  of interest and ownership between and among all DEFENDANTS that the individuality and

23  separateness of those DEFENDANTS have ceased to exist.  The business affairs of DEFENDANTS

24  are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably

25  be segregated, and the same are in inextricable confusion.  AEROTEK and/or GM are, and at all

26  times relevant hereto were, used by DOES 1 through 100 as mere shells and conduits for the conduct

27  of certain of DEFENDANTS' affairs. The recognition of the separate existence of DEFENDANTS

28  would not promote justice, in that it would permit DEFENDANTS to insulate themselves from

-7-

1  liability to Plaintiffs. Accordingly, AEROTEK, GM, and DOES 1 through 100 constitute the alter

2  egos of each other, and the fiction of their separate existence must be disregarded at law and in

3  equity, because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein.

4        17.    Plaintiffs are informed and believe and thereon allege (unless otherwise alleged in

5  this Complaint), that at all relevant times herein, AEROTEK, GM, and DOES 1 through 100 were

6  the agents, employees and/or servants, masters or employers of each other and of the remaining

7  DOES 1 through 100, and in doing the things herein alleged, were acting within the course and

8  scope of such agency or employment, and with the approval and ratification of each of the other

9  DEFENDANTS.

10        18.    Plaintiffs are informed and believe and thereon allege that each and every one of the

11  acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS,

12  each acting as agents and/or employees, and/or under the direction and control of each of the other

13  DEFENDANTS, and that said acts and failures to act were within the course and scope of said

14  agency, employment and/or direction and control, and were committed willfully, maliciously,

15  oppressively, and fraudulently.

16        19.    The true names and capacities, whether individual, corporate, associate, or otherwise,

17  of DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue the DOE

18  DEFENDANTS by fictitious names. Plaintiffs will amend this Complaint to show their true names

19  and capacities when they have been ascertained.

20        20.    At all relevant times alleged herein, Plaintiffs were employed by DEFENDANTS

21  under an employment agreement that was partly written, partly oral, and partly implied. In

22  perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted

23  pursuant to and in furtherance of the unlawful policies and practices alleged herein. All such acts

24  were and are in violation of certain sections of the California Labor Code, the California Code of

25  Regulations, and the California Business and Professions Code, sections 17200, *et seq.* As a direct

26  and proximate result of the unlawful actions of DEFENDANTS, Plaintiffs have suffered and

27  continue to suffer from loss of wages, expenses, and earnings in amounts as yet unascertained, but

28  subject to proof at trial in amounts in excess of the minimum jurisdiction of this Court.

- 8 -

**V.  PLAINTIFFS' CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**

**VIOLATIONS OF CALIFORNIA BUSINESS EXPENSE**

**STATUTES AND REGULATIONS,**

**BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

**(By All Plaintiffs, Against All DEFENDANTS)**

21.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 20, above.  This cause of action is plead by all Plaintiffs, against all DEFENDANTS.

22.    Within the four (4) years before the filing of this Complaint, DEFENDANTS have employed Plaintiffs throughout the State of California to promote DEFENDANTS' automotive business ventures. Included among Plaintiffs' duties were the requirements by DEFENDANTS that Plaintiffs drive their personal automobiles from location to location in the course and scope of employment in order to  promote DEFENDANTS' automotive business ventures; however, DEFENDANTS have failed to fully reimburse Plaintiffs for all such travel expenses which have been reasonably and necessarily incurred in the course and scope of employment.  Also mandated by DEFENDANTS was the policy that Plaintiffs each obtain and maintain for such work purposes, a GM vehicle two years old or newer.

23.    As employees in California, Plaintiffs were and are entitled to the benefits and protections of the California Labor Code, and the California Code of Regulations as contained in California Industrial Welfare Commission Wage Order Nos. 1-2001, 4-2001, and/or 7-2001, including but not limited to:

    a.    California Labor Code section 2802, which requires employers to indemnify their employees for expenditures and losses incurred in the discharge of their duties for DEFENDANTS. Pursuant to California Labor Code section 2804, DEFENDANTS cannot ask or require Plaintiffs to waive the benefits of California Labor Code section 2802;

    b.    California Labor Code section 221, which prohibits an employer from

- 9 -

1    collecting or receiving from any employees, wages paid by the employer to

2    the employee; and

3        c.    California Labor Code section 450, which prohibits an employer from

4    compelling or coercing an employee to patronize the employer or any other

5    person in the purchase of anything of value.

6        24.    Accordingly, by engaging in the acts complained of herein, DEFENDANTS have

7    committed violations of California wage-and-hour laws. As a direct and proximate result, Plaintiffs

8    have suffered, and continue to suffer, substantial financial losses, lost interest, and expenses and

9    attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under

10    California law, all to their respective damage in amounts according to proof at time of trial, but in

11    amounts in excess of the minimum jurisdiction of this Court. Plaintiffs are thus entitled to recover

12    all amounts for damages incurred, plus interest, attorneys' fees, and court costs and expenses of suit,

13    according to proof at time of trial but in amounts in excess of the minimum jurisdiction of this Court,

14    including but not limited to as provided by California Labor Code section 2802(c). Plaintiffs are

15    also entitled to recover, in addition to or in lieu of some or all such damages, nominal, actual and

16    compensatory damages in amounts according to proof at time of trial but in amounts in excess of

17    the minimum jurisdiction of this Court.

18        25.    Plaintiffs allege that DEFENDANTS' violations of California wage-and-hour laws

19    were knowing and intentional, and that DEFENDANTS have refused to properly pay Plaintiffs for

20    false and fraudulent reasons. All acts as alleged herein were committed willfully, maliciously,

21    oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and

22    with a conscious disregard for Plaintiffs' rights and DEFENDANTS' obligations under California

23    wage-and-hour laws, all of which have deprived Plaintiffs of their property and legal rights. In

24    addition, because certain of the acts complained of herein also form the basis for criminal violations,

25    as described in Labor Code sections 225 and 451, in lieu of or in addition to other types of relief

26    requested herein Plaintiffs are entitled to recover punitive and exemplary damages in amounts

27    according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this

28    Court.

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

1      26.    Plaintiffs are informed and believe and thereon allege that DEFENDANTS have

2  applied, are applying, and will continue to apply the foregoing policies and practices to certain

3  Plaintiffs who are currently employed by DEFENDANTS, and to certain individuals who will in the

4  future become employed by DEFENDANTS. Such employees have been injured and damaged, and

5  are threatened with further injury and damage, by DEFENDANTS' unlawful actions as alleged, and

6  are thus threatened with immediate irreparable harm by the continuation of DEFENDANTS'

7  unlawful actions as heretofore alleged, and have no complete adequate remedy at law. Therefore,

8  Plaintiffs request the Court enter an order reflecting appropriate injunctive relief to prevent

9  DEFENDANTS from committing such acts in the future.

10      27.    WHEREFORE, Plaintiffs request relief as herein provided.

11                    **SECOND CAUSE OF ACTION:**

12           **VIOLATIONS OF CALIFORNIA OVERTIME WAGE**

13                **STATUTES AND REGULATIONS,**

14     **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

15          **(By All Plaintiffs, Against All DEFENDANTS)**

16      28.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

17  herein, the allegations contained in Paragraphs 1 through 27, above. This cause of action is plead

18  by all Plaintiffs, against all DEFENDANTS.

19      29.    Within the four (4) years before the filing of this Complaint, DEFENDANTS have

20  employed Plaintiffs throughout the State of California to conduct, transact, and promote

21  DEFENDANTS' automotive business ventures. Included among Plaintiffs' duties were the

22  requirements that Plaintiffs regularly work more than eight (8) hours in a single work days, and/or

23  forty (40) hours in a single work week; however, DEFENDANTS have failed to compensate

24  Plaintiffs for such overtime hours worked.

25      30.    As employees in California, Plaintiffs were and are entitled to the benefits and

26  protections of the California Labor Code, and the California Code of Regulations as contained in

27  California Industrial Welfare Commission Wage Order Nos. 1-2001, 4-2001, and/or 7-2001,

28  including but not limited to California Labor Code sections 510, *et. seq.*, 1194, and 1198, and

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

1  California Industrial Welfare Commission Wage Order Nos. 1-2001, 4-2001, and 7-2001, sections

2  3(A), all of which require employers to pay overtime wages for hours worked over eight (8) hours

3  per day and forty (40) hours per week.

4      31.    Accordingly, by engaging in the acts complained of herein, DEFENDANTS have

5  committed violations of California wage-and-hour laws. As a direct and proximate result, Plaintiffs

6  have suffered, and continue to suffer, substantial financial losses, lost interest, and expenses and

7  attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under

8  California law, all to their respective damage in amounts according to proof at time of trial, but in

9  amounts in excess of the minimum jurisdiction of this Court. Plaintiffs are thus entitled to recover

10 all amounts for damages incurred, plus interest, attorneys' fees, and court costs and expenses of suit,

11 according to proof at time of trial but in amounts in excess of the minimum jurisdiction of this Court,

12 including but not limited to as provided by California Labor Code section 1194(a). Plaintiffs are

13 also entitled to recover, in addition to or in lieu of some or all such damages, nominal, actual and

14 compensatory damages in amounts according to proof at time of trial but in amounts in excess of

15 the minimum jurisdiction of this Court.

16     32.    Plaintiffs allege that DEFENDANTS' violations of California wage-and-hour laws

17 were knowing and intentional, and that DEFENDANTS have refused to properly pay Plaintiffs for

18 false and fraudulent reasons. All acts as alleged herein were committed willfully, maliciously,

19 oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiffs, and

20 with a conscious disregard for Plaintiffs' rights and DEFENDANTS' obligations under California

21 wage-and-hour laws, all of which have deprived Plaintiffs of their property and legal rights.

22     33.    Plaintiffs are further entitled to the benefits and protections of California Labor Code

23 section 226, which requires DEFENDANTS to provide Plaintiffs with correctly and accurately

24 itemized wage statements at each pay period, including payment for all compensation then due and

25 owing each Plaintiff. By committing the foregoing violations of California wage-and-hour laws, for

26 each pay period that a Plaintiff was deprived of proper compensation DEFENDANTS violated

27 California Labor Code section 226. Plaintiffs allege that such violations were committed willfully,

28 maliciously, oppressively, and fraudulently, with a conscious disregard for Plaintiffs' rights and

- 12 -

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

1   DEFENDANTS' obligations under California wage-and-hour laws. Therefore, in violation of state

2   law, DEFENDANTS have knowingly and willfully refused to perform their obligations to provide

3   Plaintiffs with correctly itemized wage statements, in whole or in part, at each pay period. As a

4   direct and proximate result, Plaintiffs have suffered, and continue to suffer, substantial losses related

5   to the use and enjoyment of such compensation, lost interest, and expenses and attorneys' fees in

6   seeking to compel DEFENDANTS to fully perform their obligation under California law, all to their

7   respective damage in amounts according to proof at time of trial, but in amounts in excess of the

8   minimum jurisdiction of this Court. Accordingly, for each such violation each Plaintiff is entitled

9   to recover the full value of all compensation owed and/or an appropriate monetary penalty, plus

10  attorneys' fees, and court costs and expenses of suit, as provided by California Labor Code sections

11  226(e) & (g).

12          34.     Plaintiffs are further entitled to the benefits and protections of the California Labor

13  Code sections 200, 201, and 202, which sections require employers to provide employees with all

14  wages due and owing at the time of termination of employment. By committing the foregoing

15  violations of California wage-and-hour laws, for each Plaintiff who is a former employee of

16  DEFENDANTS who was not paid all wages due and owing at the time of termination of

17  employment with DEFENDANTS, because of DEFENDANTS' failures to act as stated herein, there

18  is/was a violation of Labor Code sections 200, 201, and 202. Plaintiffs allege that such violations

19  were committed willfully, maliciously, oppressively, and fraudulently, with a conscious disregard

20  for Plaintiffs' rights and DEFENDANTS' obligations under California wage and hour laws. In

21  violation of state law, DEFENDANTS have knowingly and willfully refused to perform their

22  obligations to provide former employee Plaintiffs with all wages due and owing at the time of

23  termination of employment. As a direct and proximate result, Plaintiffs have suffered, and continue

24  to suffer, substantial losses related to the use and enjoyment of such wages, lost interest, and

25  expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligation

26  under California law, all to their respective damage in amounts according to proof at time of trial,

27  but in amounts in excess of the minimum jurisdiction of this Court. Accordingly, for each such

28  violation each former employee Plaintiff is entitled to recover the full value of all wages owed as

- 13 -

1 │ of the date of each Plaintiff's termination of employment, plus penalty wages in accordance with

2 │ California Labor Code section 203.

3 │      35.    Plaintiffs are informed and believe and thereon allege that DEFENDANTS have

4 │ applied, are applying, and will continue to apply the foregoing policies and practices to certain

5 │ Plaintiffs who are currently employed by DEFENDANTS, and to certain individuals who will in the

6 │ future become employed by DEFENDANTS. Such employees have been injured and damaged, and

7 │ are threatened with further injury and damage, by DEFENDANTS' unlawful actions as alleged, and

8 │ are thus threatened with immediate irreparable harm by the continuation of DEFENDANTS'

9 │ unlawful actions as heretofore alleged, and have no complete adequate remedy at law. Therefore,

10 │ Plaintiffs request the Court enter an order reflecting appropriate injunctive relief to prevent

11 │ DEFENDANTS from committing such acts in the future, including but not limited to the practices

12 │ for which an injunction may be issued pursuant to Labor Code section 226(g).

13 │      36.    WHEREFORE, Plaintiffs request relief as herein provided.

14 │ **THIRD CAUSE OF ACTION:**

15 │ **UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

16 │ **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.,**

17 │ **BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA**

18 │ **(By All Plaintiffs, Against All DEFENDANTS)**

19 │      37.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

20 │ herein, the allegations contained in Paragraphs 1 through 36, above. This cause of action is plead

21 │ by all Plaintiffs, against all DEFENDANTS.

22 │      38.    DEFENDANTS engage in business practices, offer their goods and services for sale,

23 │ and advertise their goods and services within the jurisdiction of the State of California. As such,

24 │ DEFENDANTS have a duty to comply with the provisions of the Unfair Business Practices Act as

25 │ set forth in California Business & Professions Code sections 17200, *et seq.*, which prohibits, *inter*

26 │ *alia*, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or

27 │ misleading advertising by any person, firm, corporation, or association within the jurisdiction of the

28 │ State of California.

- 14 -

1    39.    By violating the foregoing provisions of California's wage-and-hour laws, and by

2    failing to take immediate and appropriate measures to address these violations, DEFENDANTS' acts

3    constitute unfair business practices under Business and Professions Code sections 17200, *et seq.*

4    DEFENDANTS' violations of California's labor and employment laws constitute business practices

5    because they have been done repeatedly over a significant period of time throughout the State of

6    California, and in a systematic manner to the detriment of scores of Plaintiffs.

7    40.    As a direct, foreseeable, and proximate result of DEFENDANTS' acts and omissions

8    alleged herein for the four (4) years preceding the filing of this action, Plaintiffs have suffered

9    damages, and DEFENDANTS have also been unjustly enriched as a result of unfair business

10    practices. Plaintiffs therefore request damages and/or restitution of all monies and profits to be

11    disgorged from DEFENDANTS in an amount according to proof at time of trial, in lieu of or in

12    addition to other types of relief requested herein, but in excess of the minimum jurisdiction of this

13    Court.

14    41.    DEFENDANTS have applied, are applying, and will continue to apply the foregoing

15    unfair business policies and practices, in violation of California law, to certain Plaintiffs who are

16    currently employed by DEFENDANTS, and to certain individuals who will in the future become

17    employed by DEFENDANTS. Such employees have been injured and damaged, and are threatened

18    with further injury and damage, by DEFENDANTS' unfair actions as alleged, and are thus

19    threatened with immediate irreparable harm by the continuation of DEFENDANTS' unfair actions

20    as heretofore alleged, and have no complete adequate remedy at law. Therefore, Plaintiffs request

21    the Court enter an order reflecting appropriate injunctive relief to prevent DEFENDANTS from

22    committing such acts in the future, including but not limited to the practices for which an injunction

23    may be issued pursuant to Labor Code section 226(g).

24    42.    WHEREFORE, Plaintiffs request relief as herein provided.

25    ///

26    ///

27    ///

28    ///

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION:

### UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF

### CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.,

### BY PLAINTIFFS EMPLOYED IN THE STATE OF CALIFORNIA

#### (By All Plaintiffs, Against All DEFENDANTS)

43.     Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 42, above.  This cause of action is plead by all Plaintiffs, against all DEFENDANTS.

44.     DEFENDANTS engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the State of California.  As such, DEFENDANTS have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code sections 17200, *et seq.*, which prohibits, *inter alia*, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

45.     By violating the foregoing provisions of California's labor and employment laws, and by failing to take immediate and appropriate measures to address these violations, DEFENDANTS' acts constitute unlawful business practices under Business and Professions Code sections 17200, *et seq.*  DEFENDANTS' violations of California's labor and employment laws constitute business practices because they have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of scores of Plaintiffs.

46.     As a direct, foreseeable, and proximate result of DEFENDANTS' acts and omissions alleged herein, for the four (4) years preceding the filing of this action, Plaintiffs have suffered damages, and DEFENDANTS have also been unjustly enriched as a result of unfair competition. Plaintiffs therefore request damages and/or restitution of all monies and profits to be disgorged from DEFENDANTS in an amount according to proof at time of trial, in lieu of or in addition to other types of relief requested herein, but in excess of the minimum jurisdiction of this Court.

47.     DEFENDANTS have applied, are applying, and will continue to apply the foregoing

- 16 -

1  unlawful business policies and practices, in violation of California law, to certain Plaintiffs who are

2  currently employed by DEFENDANTS, and to certain individuals who will in the future become

3  employed by DEFENDANTS. Such employees have been injured and damaged, and are threatened

4  with further injury and damage, by DEFENDANTS' unlawful actions as alleged, and are thus

5  threatened with immediate irreparable harm by the continuation of DEFENDANTS' unlawful

6  actions as heretofore alleged, and have no complete adequate remedy at law. Therefore, Plaintiffs

7  request the Court enter an order reflecting appropriate injunctive relief to prevent DEFENDANTS

8  from committing such acts in the future, including but not limited to the practices for which an

9  injunction may be issued pursuant to Labor Code section 226(g).

10      48.    WHEREFORE, Plaintiffs request relief as herein provided.

11                    **VI. PRAYER FOR RELIEF**

12      49.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

13  herein, the allegations contained in Paragraphs 1 through 48, above.

14      WHEREFORE, Plaintiffs pray for judgment as follows:

15          1)    For nominal damages;

16          2)    For actual damages;

17          3)    For compensatory damages;

18          4)    For restitution of all compensation due to Plaintiffs;

19          5)    For disgorged profits from the unfair and unlawful business practices of

20                DEFENDANTS;

21          6)    For interest accrued to date;

22          7)    For interest pursuant to Labor Code sections 218.6 and 1194;

23          8)    For penalties pursuant to Labor Code sections 203 and 226;

24          9)    For punitive and exemplary damages;

25          10)   For costs of suit and expenses incurred herein pursuant to Labor Code

26                sections 226, 1194, and 2802;

27          11)   For reasonable attorneys' fees pursuant to Labor Code sections 226, 1194,

28                and 2802, and California Code of Civil Procedure section 1021.5;

- 17 -

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

1    12) For appropriate injunctive relief;

2    13) For appropriate equitable relief;

3    14) For appropriate declaratory relief;

4    15) For all such other and further relief that the Court may deem just and proper.

5

6 Respectfully submitted,

7

8 Dated: _____    **POPE, BERGER & WILLIAMS, LLP**

9

10        By: _____

11         Harvey C. Berger, Esq.
          Attorneys for Named Plaintiff BRIAN HOUGH,

12         individually, and on behalf of all other similarly
          situated current and former employees of Defendants

13         in the State of California

14

15      **DEMAND FOR JURY TRIAL**

16   Named Plaintiff BRIAN HOUGH, individually, and on behalf of all other similarly situated

17 current and former employees of Defendants in the State of California, hereby demands a jury trial.

18

19 Respectfully submitted,

20

21 Dated: _____    **POPE, BERGER & WILLIAMS, LLP**

22

23        By: _____

24         Harvey C. Berger, Esq.
          Attorneys for Named Plaintiff BRIAN HOUGH,
          individually, and on behalf of all other similarly

25         situated current and former employees of Defendants
          in the State of California

26

27

28

NAMED PLAINTIFF'S CLASS ACTION COMPLAINT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:        330 West Broadway
MAILING ADDRESS:       330 West Broadway
CITY AND ZIP CODE:     San Diego, CA 92101
BRANCH NAME:           Central
TELEPHONE NUMBER:      (619) 685-6151

| PLAINTIFF(S) / PETITIONER(S):    Brian Hough |
| --- |
| DEFENDANT(S) / RESPONDENT(S): Aerotek, Inc et.al. |

HOUGH VS. AEROTEK, INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00083508-CU-MT-CTL |
| --- | --- |

Judge:  Michael M. Anello                                    Department: C-72

COMPLAINT/PETITION FILED: 05/08/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                                      Page: 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00083508-CU-MT-CTL       CASE TITLE: Hough vs. Aerotek, Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:       330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:       Central | |

| PLAINTIFF(S):   Brian Hough |
|---|
| DEFENDANT(S): Aerotek, Inc et.al. |
| SHORT TITLE:    HOUGH VS. AEROTEK, INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00083508-CU-MT-CTL |
|---|---|

Judge: Michael M. Anello                                                              Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative  dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                        ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                                    ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                              ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                                    Name of Defendant

_____                    _____
Signature                                                              Signature

_____                    _____
Name of Plaintiff's Attorney                                    Name of Defendant's Attorney

_____                    _____
Signature                                                              Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  05/08/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)                  **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                  Page: 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Harvey C. Berger        102973<br>POPE, BERGER & WILLIAMS, LLP<br>550 West C Street, Suite 1400<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 595-1366   FAX NO.: (619) 236-9677<br>ATTORNEY FOR *(Name):* BRIAN HOUGH | FILED<br>CIVIL BUSINESS OFFICE 5<br><br>2008 MAY -8  P 12: 27 | 

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL JUDICIAL DISTRICT

CASE NAME:  HOUGH v. AEROTEK, INC.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2008-00083508-CU-MT-CTL<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
[ X ] Claims involving class actions.

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 8, 2008
Harvey C. Berger, Esq.
(TYPE OR PRINT NAME)                    ▶  _____
                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2



Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

HOUGH 5052

A0024

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition


*Martin Dean's*
**ESSENTIAL FORMS™**

**CIVIL CASE COVER SHEET**

HOUGH 5052

A0025

# EXHIBIT B

FILED
CIVIL BUSINESS OFFICE'S
CENTRAL DIVISION

2008 JUN 16 P 3:47

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   Bingham McCutchen LLP
    WENDY M. LAZERSON (SBN 97285)
2   BETSY CARROLL (SBN 234751)
    EMILY LEAHY (SBN 253866)
3   1900 University Avenue
    East Palo Alto, CA  94303-2223
4   Telephone:  650.849.4400
    Facsimile:  650.849.4800
5   Email: wendy.lazerson@bingham.com

6   Attorneys for Defendant
    General Motors Corporation
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10
    BRIAN HOUGH, individually, and on behalf of     No. 37-2008-00083508-CU-MT-CTL
11  all similarly situated current and former
    employees of Defendants in the State of         DEFENDANT GENERAL MOTORS
12  California,                                      CORPORATION'S ANSWER TO
                                                     NAMED PLAINTIFF'S CLASS
13              Plaintiffs,                          ACTION COMPLAINT

            v.
14                                                   JURY TRIAL DEMANDED
    AEROTEK, INC., a Maryland Corporation;
15  GENERAL MOTORS CORPORATION, a               Complaint Filed:   May 8, 2008
    Delaware Corporation; and DOES 1 through 100    Judge:     Michael M. Anello
16  inclusive,

17              Defendants.

18

19          Defendant General Motors Corporation (hereinafter "GM") answers the

20  unverified Complaint on file herein, and each cause of action therein, as follows:

21          Pursuant to California Code of Civil Procedure section 431.30(b), GM denies,

22  generally and specifically, each and every allegation contained in the Complaint and specifically

23  denies that Plaintiffs have been damaged in the amounts alleged, or in any other amount, by GM.

24                            AFFIRMATIVE DEFENSES

25  FIRST AFFIRMATIVE DEFENSE

26          Plaintiff's Complaint and its causes of action fail to state a claim upon which relief can be

27  granted.

28  //

    A/72561650.2/0201222-0000333376

_____
     DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
                          CLASS ACTION COMPLAINT

1    SECOND AFFIRMATIVE DEFENSE

2        Plaintiff's Complaint and its causes of action fail to state facts sufficient to constitute a

3    cause or causes of action.

4    THIRD AFFIRMATIVE DEFENSE

5        Plaintiff's Complaint and its causes of action are barred because the alleged causes of

6    action, and each of them, are uncertain, ambiguous, and/or unintelligible.

7    FOURTH AFFIRMATIVE DEFENSE

8        Plaintiff's Complaint and its causes of action are barred because Plaintiff and the

9    purported class members were never employed by GM.

10   **FIFTH AFFIRMATIVE DEFENSE**

11       Plaintiff's Complaint and its causes of action are barred, in whole or part, by California

12   statute and/or the California Code of Regulations.

13   SIXTH AFFIRMATIVE DEFENSE

14       Plaintiff's Complaint and its causes of action are barred because GM acted in good faith

15   conformity with, and reliance on, a written administrative regulation, order, ruling, approval,

16   and/or interpretation of the United States Department of Labor or the California Department of

17   Industrial Relations or an administrative practice or enforcement policy of those agencies with

18   respect to the class of employer to which GM belongs.

19   SEVENTH AFFIRMATIVE DEFENSE

20       Plaintiff's Complaint and its causes of action are barred because, at all relevant times,

21   Plaintiff and the purported class members were exempt from the overtime compensation

22   requirements contained in the California Labor Code and in the wage orders of the Industrial

23   Welfare Commission.

24   **EIGHTH AFFIRMATIVE DEFENSE**

25       Plaintiff's Complaint and its causes of action are barred, in whole or in part, because all

26   conduct by GM alleged in the Complaint was and is expressly permitted by state and/or federal

27   statutes and regulations and, accordingly, such conduct cannot be deemed unfair or unlawful

28   under California Business and Professions Code §§ 17200 *et seq.*

A/72561650.2/0201222-0000333376

2

1    <u>NINTH AFFIRMATIVE DEFENSE</u>

2         Plaintiff's Complaint and its causes of action are barred for failure to exhaust

3    administrative remedies.

4    <u>TENTH AFFIRMATIVE DEFENSE</u>

5         Plaintiff's Complaint and its causes of action are barred by each and every applicable

6    statute of limitations, including, but not limited to, California Code of Civil Procedure sections

7    337, 338, and 340, and California Business and Professions Code section 17208.

8    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

9         Plaintiff's Complaint and its causes of action are barred by the doctrines of *res judicata*

10   and/or collateral estoppel.

11   <u>TWELFTH AFFIRMATIVE DEFENSE</u>

12        Plaintiff's Complaint and its causes of action are barred either in whole or in part because

13   Plaintiff lacks standing.

14   <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

15        Plaintiff's Complaint and its causes of action fail to state a claim against GM for punitive

16   or exemplary damages.

17   <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

18        Plaintiff and the purported class members are not entitled to punitive damages because

19   any alleged act or omission by GM was in good faith and GM had reasonable grounds for

20   believing that its act or omission, if any, was not a violation of any applicable law.

21   <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

22        Any award of punitive damages as sought by Plaintiff would violate the due process and

23   excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States

24   Constitution, as well as the Constitution of the State of California.

25   <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

26        On information and belief, Plaintiff's Complaint and its causes of action are barred by the

27   doctrines of waiver and estoppel.

28   //

A/72561650.2/0201222-0000333376

3

DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
CLASS ACTION COMPLAINT

1  **SEVENTEENTH AFFIRMATIVE DEFENSE**

2        On information and belief, Plaintiff's Complaint and its causes of action are barred by the

3  doctrine of laches because Plaintiff unreasonably delayed bringing his action, which substantially

4  prejudiced GM.

5  **EIGHTEENTH AFFIRMATIVE DEFENSE**

6        On information and belief, Plaintiff's Complaint and its causes of action are barred

7  because any damages suffered by Plaintiff was proximately caused by Plaintiff's own

8  negligence.

9  **NINTEENTH AFFIRMATIVE DEFENSE**

10        On information and belief, Plaintiff's Complaint and its causes of action are barred either

11  in whole or in part by the doctrine of after-acquired evidence.

12  **TWENTIETH AFFIRMATIVE DEFENSE**

13        On information and belief, Plaintiff's Complaint and its causes of action are barred by the

14  doctrine of unclean hands.

15  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

16        On information and belief, Plaintiff's Complaint and its causes of action are barred either

17  in whole or in part by Plaintiff's failure to mitigate his damages claimed, if any exist.

18  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

19        Plaintiff's alleged claims for penalties are barred, in whole or in part, because a penalty is

20  not recoverable under California Business and Professions Code section 17200 *et seq.*

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

A/72561650.2/0201222-0000333376

4

DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
CLASS ACTION COMPLAINT

B0029

1    WHEREFORE, GM prays:

2    1.    That the Complaint, and each purported cause of action therein, be dismissed with

3    prejudice;

4    2.    That Plaintiff and the purported class members take nothing thereby;

5    3.    That GM be awarded costs of suit;

6    4.    That GM be awarded attorneys' fees to the extent permitted by law; and

7    5.    For such other and further relief as the Court may deem just and proper.

8    DATED: June __16__, 2008    Bingham McCutchen LLP

9

10    By: _____

11    Wendy M. Lazerson
      Attorneys for Defendant
12    General Motors Corporation

13

14    **DEMAND FOR JURY TRIAL**

15    Defendant General Motors Corporation hereby demands a jury trial.

16    Respectfully submitted,

17    DATED: June 16 , 2008

18    Bingham McCutchen LLP

19

20    By: _____

21    Wendy M. Lazerson
      Attorneys for Defendant
22    General Motors Corporation

23

24

25

26

27

28
    A/72561650.2/0201222-0000333376              5

---

DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
CLASS ACTION COMPLAINT

1

# PROOF OF SERVICE

2        I am over eighteen years of age, not a party in this action, and employed in San

3  Mateo County, California at 1900 University Avenue, East Palo Alto, California 94303-2223. I

4  am readily familiar with the practice of this office for collection and processing of

5  correspondence for mail/fax/hand delivery/next business day June 16, 2008 delivery, and they

6  are deposited that same day in the ordinary course of business.

7        On June 16, 2008, I served the attached:

8            DEFENDANT GENERAL MOTORS CORPORATION'S
             ANSWER TO NAMED PLAINTIFF'S CLASS ACTION
9            COMPLAINT
             JURY TRIAL DEMANDED
10

11   X      (PERSONAL SERVICE) by causing a true and correct copy of the above
            documents to be hand delivered in sealed envelope(s) with all fees fully paid to the
12          person(s) at the address(es) set forth below.
     ☐      (VIA EMAIL) by transmitting a true and correct copy via email the document(s)
13          listed above on this date before 5:00 p.m. PST to the person(s) at the email
            address(es) set forth below.
14

15   ☐      (VIA LEXISNEXIS) by causing a true and correct copy of the document(s) listed
            above to be sent via electronic transmission through LexisNexis File & Serve to
16          the person(s) at the address(es) set forth below.

17
     Harvey C. Berger, Esq.              Van A. Goodwin, Esq.
18   Pope, Berger & Williams             501 W. Broadway
     550 West C St.                      Suite 900
19   17th Floor                          San Diego, California 92101-3577
     San Diego, CA 92101
20

21   Tim Williams, Esq.
     Pope, Berger & Williams
22   550 West C St.
     17th Floor
23   San Diego, CA 92101

24        I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct and that this declaration was executed on June 16, 2008, at East

26  Palo Alto, California.

27  _____

28                                        Mary F. Maggini

DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
CLASS ACTION COMPLAINT

## PROOF OF SERVICE ON ATTORNEY'S OFFICE
## BY PERSONAL DELIVERY
### (CCP 1011)

I am over 18 years of age, and not a party to this action.

On June 16, 2008, I personally delivered a copy(ies) of the following document(s):

DOCUMENT TITLE

I served a copy(ies) of the document(s) in an envelope(s) by leaving the envelope(s) clearly labeled to identify the attorney being served:

☐ I left the document(s) with a receptionist or with a person having charge of the office.

☐ There was no person in the office with whom the document(s) could be left. I left the document(s) between nine in the morning and five in the afternoon in a conspicuous place in the office.

The name(s) and address(es) of the person(s) served as shown on the envelope(s) was/were:

Harvey C. Berger, Esq.
Pope, Berger & Williams
550 West C St.
17th Floor
San Diego, CA 92101

Van A. Goodwin, Esq.
501 W. Broadway
Suite 900
San Diego, California 92101-3577

Tim Williams, Esq.
Pope, Berger & Williams
550 West C St.
17th Floor
San Diego, CA 92101

I declare under penalty or perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 16, 2008.

_Vida Ninchek (JC)_

_Vida Ninchek_

A/72561650.3/0201222-0000333376

2

DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
CLASS ACTION COMPLAINT

B0032

# EXHIBIT C

1  VAN A. GOODWIN, Bar No. 095170
   O. MISHELL TAYLOR, Bar No. 256850
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway, Suite 900
   San Diego, CA 92101-3577
4  Telephone:  (619) 232-0441
   Facsimile:  (619) 232-4302
5
   Attorneys for Defendant
6  AEROTEK, INC.

7

FILED
CIVIL BUSINESS OFFICE 13

2008 JUN 17  A 10: 03

                    COURT
SAN       COUNTY, CA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10  BRIAN HOUGH, individually and on          Case No. 37-2008-00083508-CU-MT-CTL
    behalf of all other similarly situated current
11  and former employees of Defendants in the  **ANSWER OF DEFENDANT AEROTEK,**
    State of California,                        **INC. TO PLAINTIFF'S  UNVERIFIED**
12                                              **CLASS ACTION COMPLAINT**
                   Plaintiff,
13                                              Dept: C-72
          v.
14                                              Complaint Filed:  May 8, 2008
    AEROTEK, INC., a Maryland
15  Corporation; GENERAL MOTORS
    CORPORATION, a Delaware Corporation;
16  and DOES 1 through 100, inclusive,

17                 Defendants.

18

19        Defendant AEROTEK, INC. ("Defendant" or "Aerotek"), for itself only, answers the

20  Unverified Class Action Complaint ("Complaint") of Plaintiff BRIAN HOUGH ("Plaintiff" or

21  "Hough") as follows:

22                            **GENERAL DENIAL**

23        Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

24  Aerotek denies generally and specifically each and every allegation contained in Plaintiff's

25  Complaint.  In addition, Aerotek denies that Plaintiff has sustained, or will sustain, any loss or

26  damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

27  other conduct on the part of Aerotek.  Without conceding that it has the burden of proof or

28  persuasion, Defendant Aerotek asserts the following affirmative defenses to the Complaint:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

_____
            ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

1

## **AFFIRMATIVE DEFENSES**

2

### FIRST AFFIRMATIVE DEFENSE

3    As a separate and distinct affirmative defense, Defendant alleges the Complaint and each and

4  every alleged cause of action therein fails to state facts sufficient to constitute a cause of action upon

5  which relief can be granted.

6

### SECOND AFFIRMATIVE DEFENSE

7    As a separate and distinct affirmative defense, Defendant alleges that, upon information and

8  belief, Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of

9  in his Complaint, if any, and that Plaintiff is barred from recovering monies for injuries that he could

10  have avoided through reasonable efforts.

11

### THIRD AFFIRMATIVE DEFENSE

12    As a separate and distinct affirmative defense, Defendant alleges that, with respect to each

13  and every cause of action therein brought as a representative, class or collective action, this suit may

14  not be properly maintained as a representative or collective action because: (a) Plaintiff has failed to

15  plead, and cannot establish the necessary procedural elements for, such treatment; (b) a

16  representative or collective action is not an appropriate method for the fair and efficient adjudication

17  of any of the claims alleged in the Complaint; (c) common issues of fact or law do not predominate

18  and, to the contrary, individual issues predominate; (d) Plaintiff's claims are not representative or

19  typical of the claims of the putative class; (e) Plaintiff is not an appropriate class representative;

20  (f) Plaintiff cannot fairly and adequately represent the interests of the purported group; (g) Plaintiff

21  and alleged putative class counsel are not adequate representatives; (h) Plaintiff cannot satisfy any of

22  the requirements for representative action treatment, and representative action treatment is neither

23  appropriate nor constitutional; (i) there is not a well-defined community of interest in any of the

24  questions of law or fact affecting Plaintiff and the members of the alleged putative class; (j) to the

25  extent the alleged putative class is ascertainable and its members are identifiable, the number of such

26  members is too small to meet the numerosity requirement for a representative action; and/or

27  (k) Plaintiff lacks standing to represent the general public.

28  / / / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:85565599.1 044953.1028                    2.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

C0034

FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that, even assuming *arguendo* Plaintiff and/or any putative class member was not provided with an appropriate itemized statement of wages and deductions, as provided in Labor Code section 226(a), Plaintiff and/or the putative class members are not entitled to recover any alleged penalties or damages because the alleged failure of Aerotek to comply with Labor Code section 226(a) was not a "knowing and intentional failure" under Labor Code section 226(e) and/or Plaintiff has failed to allege facts to support each of the required elements under Labor Code 226(e).

FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of the due process rights of Aerotek, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant reserve the right to amend their answer upon further investigation and discovery of facts supporting this defense.

SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Fourth Cause of Action is duplicative and redundant of his Third Cause of Action, and that duplicative recovery is barred and would constitute unjust enrichment to Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to state facts sufficient to support punitive or exemplary damages and, as such, Plaintiff is not entitled to recover punitive damages under his First and/or Second Causes of Action.

EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the provisions of California law providing for the award of punitive damages, and the substantive rules, procedure and standards for determining that amount, violate the due process and equal protection rights of Aerotek under the Constitutions of the United States and the State of California.

/ / / /

/ / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:85565599.1 044953.1028

3.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

C0035

1  |  NINTH AFFIRMATIVE DEFENSE

2  As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each

3  and every causes of action therein, is barred by the statute(s) of limitations set forth in California

4  Code of Civil Procedure sections 338, 339 and 340, California Business and Professions Code

5  section 17208, and other applicable statute of limitations.

6  TENTH AFFIRMATIVE DEFENSE

7  Defendant alleges that, to the extent that Plaintiff seeks to recover statutory penalties on

8  behalf of himself and/or any putative class member under California Labor Code section 226, such

9  claim is barred to the extent that any putative class member is employed by Aerotek as of the filing

10  of this action and/or more than one (1) year has elapsed since the termination of their employment

11  with Aerotek, based on the express terms of these statutes and/or the statute of limitations set forth in

12  Code of Civil Procedure section 340.

13  ELEVENTH AFFIRMATIVE DEFENSE

14  As a separate and distinct affirmative defense, Defendant alleges that it is not liable for any

15  injuries or damages of Plaintiff, if any, which were caused by factors other than any act or omission

16  of Aerotek and/or were caused by Plaintiff's own conduct.

17  TWELFTH AFFIRMATIVE DEFENSE

18  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

19  entitled to equitable relief as requested in Plaintiff's Prayer for Relief because he has an adequate

20  remedy at law.

21  THIRTEENTH AFFIRMATIVE DEFENSE

22  As a separate and distinct affirmative defense, Defendant alleged that Plaintiff's Complaint

23  and each cause of action set forth therein is barred in whole or in part on the grounds that some or all

24  of the putative class members were not employed by, or under the direction and control of, Aerotek.

25  FOURTEENTH AFFIRMATIVE DEFENSE

26  As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each

27  cause of action set forth therein is barred because Plaintiff lacks standing as a representatives of the

28  proposed class and does not adequately represent the putative class members.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:85565599.1 044953.1028

4.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

C0036

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Third and Fourth Causes of Action set forth in Plaintiff's Complaint are barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is informed and believes that Plaintiff's Complaint and its causes of action are barred because any damages suffered by Plaintiff was proximately caused by Plaintiff's own negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein is barred because Plaintiff lacks standing to sue under California Business and Professions Code section 17200 *et seq* because he has not suffered any injury in fact or lost any money or property as a result of any allegedly unlawful business practice of Aerotek.

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Third and Fourth Causes of Action in Plaintiff's Complaint are barred because Aerotek acted in good faith, did not engage in any unfair business practices or otherwise violate any of the California statutes specified in Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that no claim under Labor Code sections 203 can be maintained against Aerotek because there exists a *bona fide* dispute as to whether any additional compensation is actually due to Plaintiff and, if so, as to the amount of such further compensation.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleged that Plaintiff would be unjustly enriched if he prevailed on all or part of the claims set forth in their Complaint because he has already been fully compensated and/or remunerated for all of his alleged business expenses.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:85565599.1 044953.1028

5.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

C0037

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2        As a separate and distinct affirmative defense, Defendant is informed and believes that

3    further investigation and discovery will reveal, and on that basis alleges, that Plaintiff and the

4    members of the class he purports to represent are not entitled to payment of overtime wages because

5    they were at all relevant times exempt from any overtime requirements pursuant to, but not limited

6    to, exemptions provided under the applicable California Industrial Welfare Commission Wage

7    Order(s), California Labor Code section 515 and/or the Fair Labor Standards Act.

8

### TWENTY-SECOND AFFIRMATIVE DEFENSE

9        As a separate and distinct affirmative defense, Defendant alleges, that even if Plaintiff and/or

10    any of the putative class members were determined to be a nonexempt under applicable California

11    and/or Federal law, a reasonable opportunity for investigation and discovery will reveal that some or

12    all of time claimed to have been worked by Plaintiff and the putative class members are not "hours

13    worked" within the meaning of the applicable Wage Order(s) and/or under California law.

14

### TWENTY-THIRD AFFIRMATIVE DEFENSE

15        As a separate and distinct affirmative defense to Plaintiff's Complaint, Defendant alleges that

16    Plaintiff's claims are barred in whole or in part by the avoidable consequences doctrine in that some

17    or all of the damages claimed by Plaintiff and/or members of the putative class could have been

18    avoided by reasonable efforts, including but not limited to (1) reporting any alleged expenses and

19    affirmatively seeking reimbursement and/or (2) avoiding or refraining from unnecessary and/or

20    unauthorized expenses, which Plaintiff failed or refused to do.

21

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22        As a separate and distinct affirmative defense Plaintiff and the purported class members are

23    not entitled to punitive damages because any alleged act or omission by Aerotek was in good faith

24    and Aerotek had reasonable grounds for believing that its acts or omission, if any, was not a

25    violation of any applicable law.

26    ///

27    ///

28    ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 2577
619 232 0441

Firmwide:85565599.1 044953.1028                                    6.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that none of the business practices specified in Plaintiff's Complaint were "unfair," "unlawful," "deceptive" and/or "fraudulent" within the meaning of Business and Professions Code section 17200 *et seq.*

TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim for injunctive and/or declaratory relief.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it reimbursed Plaintiff for all business expenses he incurred and reported, in accordance with its written expense guidelines.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff is not entitled to recover any damages because any purported violation of the Labor Code and/or an Wage Order issued by the Industrial Welfare Commission (which Aerotek denies) was the result of a reasonable, good faith error or omission, Aerotek substantially and in good faith complied with all applicable laws and/or any act or omission on the part of Aerotek was not a violation of the Labor Code and/or applicable Order issued by the Industrial Welfare Commission.

TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any alleged injury to Plaintiff was caused by and/or due to independent and/or unauthorized actions by Plaintiff.

THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim against Aerotek for any violation of Labor Code sections 221 and/or 450.

THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim against Aerotek for any violation of Labor Code sections 221 and/or 450.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:85565599.1 044953.1028

7.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

C0039

<u>ADDITIONAL DEFENSES</u>

Defendant does not presently know all facts respecting conduct by Plaintiff and/or the members of the class Plaintiff purports to represent sufficient to state all affirmative defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant Aerotek prays that:

1.   The Complaint be dismissed in its entirety with prejudice, and that neither Plaintiff nor any putative plaintiff or class member take nothing by the Complaint;

2.   Judgment be entered against Plaintiff and in favor of Defendant;

3.   Aerotek be awarded its costs of suit and reasonable attorney's fees incurred herein; and

4.   The Court award Aerotek such other and further relief as it deems appropriate.

Dated: June _17_, 2008

Respectfully submitted,

LITTLER MENDELSON
A Professional Corporation

By: _____
        VAN A. GOODWIN

Attorneys for Defendant
AEROTEK, INC.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:85565599.1 044953.1028                    8.

ANSWER OF DEFENDANT AEROTEK, INC. TO PLAINTIFF'S COMPLAINT

C0040

1

## PROOF OF SERVICE

2

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2008 JUN 17  A 10: 03

SUPERIOR COURT
SAN DIEGO COUNTY, CA

3    I am a resident of the State of California, over the age of eighteen years, and not a

4    party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego,

5    California 92101.3577. On June 17, 2008, I served the within document(s):

6    **ANSWER OF DEFENDANT AEROTEK, INC. TO**

7    **PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☐    by facsimile transmission at or about _____ on that date. This document
8        was transmitted by using a facsimile machine that complies with California Rules
         of Court Rule 2003(3), telephone number 619.232.4302. The transmission was
9        reported as complete and without error. A copy of the transmission report, properly
         issued by the transmitting machine, is attached. The names and facsimile numbers
10       of the person(s) served are as set forth below.

11   ☒    by placing a true copy of the document(s) listed above for collection and mailing
12       following the firm's ordinary business practice in a sealed envelope with postage
         thereon fully prepaid for deposit in the United States mail at San Diego, California
13       addressed as set forth below.

14   ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
15       fees provided for, in an overnight delivery service pick up box or office designated
         for overnight delivery, and addressed as set forth below.

16   ☐    by personally delivering a copy of the document(s) listed above to the person(s) at
17       the address(es) set forth below.

18   Mr. Harvey C. Berger, Esq.              Attorneys for Plaintiff
     Pope, Berger & Williams               BRIAN HOUGH
19   550 West C Street, Suite 1400
20   San Diego, CA 92101-3545
     Phone: (619) 595-1366
21   Fax: (619) 236-9677

22   Wendy M. Lazerson                      Attorneys for Defendant
     Bingham McCutchen LLP                  GENERAL MOTORS
23   1900 University Avenue, 4th Floor      CORPORATION
     East Palo Alto, CA  94303-2223
24   Phone: (650) 849-4840
25   Fax: (650) 849-4800

26       I am readily familiar with the firm's practice of collection and processing

27   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

28   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide:85589857.1 044953.1028

---

PROOF OF SERVICE

1    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

2    thereon fully prepaid in the ordinary course of business.

3           I declare under penalty of perjury under the laws of the State of California that the

4    above is true and correct. Executed on June 17, 2008, at San Diego, California.

5

6                                        _Loriann L. Christy_

7                                        Loriann L. Christy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:85589857.1 044953.1028                    2.

PROOF OF SERVICE

```
 1   Bingham McCutchen LLP
     WENDY M. LAZERSON (SBN 97285)
 2   BETSY CARROLL (SBN 234751)
     EMILY LEAHY (SBN 253866)
 3   1900 University Avenue
     East Palo Alto, CA  94303-2223
 4   Telephone:  650.849.4400
     Facsimile:  650.849.4800
 5   Email:  wendy.lazerson@bingham.com

 6   Attorneys for Defendant
     General Motors Corporation
 7

 8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9                        COUNTY OF SAN DIEGO

10

11   BRIAN HOUGH, individually, and on behalf of      No. 37-2008-00083508-CU-MT-CTL
     all similarly situated current and former
12   employees of Defendants in the State of          PROOF OF SERVICE
     California,
13
                    Plaintiffs,
14
          v.
15
     AEROTEK, INC., a Maryland Corporation;
16   GENERAL MOTORS CORPORATION, a
     Delaware Corporation; and DOES 1 through 100
17   inclusive,

18                  Defendants.
```

JUN 18 '08 at 19:37

BY FAX

A/72569874.1/0201222-0000333376

1    **PROOF OF SERVICE**

2            I am over eighteen years of age, not a party in this action, and employed in San

3    Mateo County, California at 1900 University Avenue, East Palo Alto, California 94303-2223. I

4    am readily familiar with the practice of this office for collection and processing of

5    correspondence for mail/fax/hand delivery/next business day, and they are deposited that same

6    day in the ordinary course of business.

7            On June 17, 2008, I caused to be served the attached:

8            DEFENDANT GENERAL MOTORS CORPORATION'S
             NOTICE OF REMOVAL TO FEDERAL COURT;
9

10           DEFENDANT GENERAL MOTORS CORPORATION'S
             NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL
             COURT;
11

12    ☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
             number(s) set forth below on this date before 5:00 p.m.
13

14    ☐    (BY MAIL) by causing a true and correct copy of the above to be placed in the
             United States Mail at East Palo Alto, California in sealed envelope(s) with postage
15           prepaid, addressed as set forth below. I am readily familiar with this law firm's
             practice for collection and processing of correspondence for mailing with the
16           United States Postal Service. Correspondence is deposited with the United States
             Postal Service the same day it is left for collection and processing in the ordinary
17           course of business.

18    ☐    (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy
             of the document(s) listed above to be delivered by _____ in sealed
19           envelope(s) with all fees prepaid at the address(es) set forth below.

20    ☒    (PERSONAL SERVICE) by causing a true and correct copy of the above
             documents to be hand delivered in sealed envelope(s) with all fees fully paid to the
21           person(s) at the address(es) set forth below.
22

23    ☐    (VIA EMAIL) by transmitting via email the document(s) listed above on this date
             before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

24

25

26

27

28
      A/72569874.1/0201222-0000333376                    1

DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO NAMED PLAINTIFF'S
                            CLASS ACTION COMPLAINT

1     Harvey C. Berger, Esq.           Van A. Goodwin, Esq.
       Pope, Berger & Williams       501 W. Broadway, Suite 900
2     550 West C Street, 17th Floor   San Diego, California 92101-3577
       San Diego, CA 92101
3

4     Tim Williams, Esq.
       Pope, Berger & Williams
5     550 West C Street, 17th Floor
       San Diego, CA 92101
6

7         I declare that I am employed in the office of a member of the bar of this court at

8 whose direction the service was made and that this declaration was executed on June 17, 2008, at

9 East Palo Alto, California.

10

11

12                       Suga A. Ikeda

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72569874.1

2

_____
PROOF OF SERVICE

1       <u>PROOF OF SERVICE ON ATTORNEY'S OFFICE</u>
        <u>BY PERSONAL DELIVERY</u>
2

3               I am over 18 years of age, and not a party to this action.

4       On June 17, 2008, I personally delivered a copy(ies) of the following document(s):

5               DEFENDANT GENERAL MOTORS CORPORATION'S
                NOTICE OF REMOVAL TO FEDERAL COURT;
6

7               DEFENDANT GENERAL MOTORS CORPORATION'S
                NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL
                COURT;
8

9               I served a copy(ies) of the document(s) in an envelope(s) by leaving the

10      envelope(s) clearly labeled to identify the attorney being served:

11              ☒  I left the document(s) with a receptionist or with a person having charge of
                   the office.
12

13              ☐  There was no person in the office with whom the document(s) could be left.
                   I left the document(s) between nine in the morning and five in the afternoon
                   in a conspicuous place in the office.
14

15      The name(s) and address(es) of the person(s) served as shown on the envelope(s) was/were:

16

17      Harvey C. Berger, Esq.                Van A. Goodwin, Esq.
        Pope, Berger & Williams               501 W. Broadway, Suite 900
18      550 West C Street, 17th Floor          San Diego, California  92101-3577
        San Diego, CA  92101
19

20      Tim Williams, Esq.
        Pope, Berger & Williams
21      550 West C Street, 17th Floor
        San Diego, CA  92101

22

23              I declare that I am employed by the office of a member of the bar of this court at

24      whose direction the service was made and that this declaration was executed on June 17, 2008.

25

26                              _N. Youngman_

27                              _Nate Youngman_

28
        A/72569874.1                          3
        ───────────────────────────────────────────────────────
                            PROOF OF SERVICE