1  HARVEY C. BERGER, (SBN 102973)
   berger@popeberger.com
2  POPE, BERGER & WILLIAMS
   A Professional Corporation
3  550 West C Street, Suite 1400
   San Diego, CA  92101
4  Telephone:  (619) 595-1366

5  Attorneys for Plaintiff
   BRIAN HOUGH
6
   VAN A. GOODWIN, (SBN 095170)
7  vgoodwin@littler.com
   O. MISHELL P. TAYLOR, (SBN 256850)
8  mtaylor@littler.com
   LITTLER MENDELSON
9  A Professional Corporation
   501 W. Broadway, Suite 900
10 San Diego, CA  92101-3577
   Telephone:  (619) 232-0441
11
   Attorneys for Defendant
12 AEROTEK, INC.

13 WENDY M. LAZERSON, (SBN 97285)
   wendy.lazerson@bingham.com
14 BETSY CARROLL (SBN 234751)
   betsy.carroll@bingham.com
15 BINGHAM MCCUTCHEN LLP
   1900 University Avenue, 4th Floor
16 East Palo Alto, CA  94303-2223
   Telephone:  (650) 849-4840
17
   Attorneys for Defendant
18 GENERAL MOTORS CORPORATION

19
                    UNITED STATES DISTRICT COURT
20
                   SOUTHERN DISTRICT OF CALIFORNIA
21

22
   BRIAN HOUGH,                              No. 08-cv-1076W (CAB)
23
              Plaintiff,                     JOINT MOTION FOR PROTECTIVE
24                                           ORDER AND [PROPOSED] ORDER
         v.                                  THEREON
25
   AEROTEK, INC., a Maryland Corporation;    Original Complaint Filed:  May 8, 2008
26 GENERAL MOTORS CORPORATION, a             Removed to Federal Court: June 17, 2008
   Delaware Corporation; and DOES 1 through 100
27 inclusive,

28            Defendants.

---

JOINT MOTION FOR PROTECTIVE ORDER 08-CV-1076W (CAB)

A/72636223.7/0201222-0000333376

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## 2. DEFINITIONS

2.1   **Party:**  any Party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2   **Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   **"Confidential" Information or Items:**  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   **"Highly Confidential — Attorneys' Eyes Only" Information or Items:** extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   **Receiving Party:**  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   **Producing Party:**  a Party or non-Party that produces Disclosure or Discovery Material in this action.

2.7   **Designating Party:**  a Party or non-Party that designates information or items in disclosures, or in responses to discovery, or in pre-trial or trial proceedings, including depositions, as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" or asserts that documents, material or other matters are "Protected Material."

**2.8    Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

**2.9    Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.10    Corporate Counsel**: attorneys who are employees of a Party.

**2.11    Counsel (without qualifier):** Outside Counsel and Corporate Counsel (as well as their support staffs).

**2.12    Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13    Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

3

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection**. Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications that do not warrant protection are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are disfavored.

If a Party or a non-Party realizes that information or items that it designated for protection do not qualify for protection after all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, designating material as protected under this Order must occur prior to disclosure.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before

4

the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend in accordance with the terms and conditions set forth in this Order.

(b)   <u>for testimony given in pretrial or trial proceedings other than depositions</u>, that the Producing Party or Designating Party identify on the record, before the close of the hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party or Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to notify all other Parties in writing of the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted in accordance with the terms of this Order. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Producing or Designating Party.

(c)   For testimony given in any deposition taken in this Action, where a Designating Party desires to designate such deposition testimony as Confidential Information, the deposition testimony shall be initially designated as Confidential Information by oral designation on the record. The Designating Party shall then have three (3) business days from receipt of the court reporter's "rough draft" of the deposition transcript in which to de-designate the deposition testimony, or portions of the deposition testimony, where such testimony is not

appropriate for designation as Confidential Information.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(d) <u>for information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3 **Inadvertent Failures to Designate**. If promptly corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on prompt notification of the designation, must return the materials and all copies thereof and ensure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges**. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the

1   process by conferring directly (in voice to voice dialogue; other forms of communication are not
2   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must
3   explain the basis for its belief that the confidentiality designation was not proper and must give
4   the Designating Party an opportunity to review the designated material, to reconsider the
5   circumstances, and, if no change in designation is offered, to explain the basis for the chosen
6   designation.  A challenging Party may proceed to the next stage of the challenge process only if
7   it has engaged in this meet and confer process first.

8        **6.3**    **Judicial Intervention**.  A Party that elects to press a challenge to a
9   confidentiality designation after considering the justification offered by the Designating Party
10  may file and serve a motion that identifies the challenged material and sets forth in detail the
11  basis for the challenge.  Each such motion must be accompanied by a competent declaration that
12  affirms that the movant has complied with the meet and confer requirements imposed in the
13  preceding paragraph and that sets forth with specificity the justification for the confidentiality
14  designation that was given by the Designating Party in the meet and confer dialogue.

15       The burden of persuasion in any such challenge proceeding shall be on the
16  Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the
17  material in question the level of protection to which it is entitled under the Producing Party's
18  designation.

19       If the Court determines that material was labeled Protected Material without good
20  cause, the Court may impose monetary sanctions on the Party so designating the material.  If the
21  Court determines that a motion to de-designate Protected Material was made without good cause,
22  the Court may impose monetary sanctions on the Party bringing such a motion.

23      **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**
24       **7.1**    **Basic Principles**.  A Receiving Party may use Protected Material that is
25  disclosed or produced by another Party or by a non-Party in connection with this case only for
26  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
27  disclosed only to the categories of persons and under the conditions described in this Order.
28  When the litigation has been terminated, a Receiving Party must comply with the provisions of

1 Section 11, below (FINAL DISPOSITION).

2 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2  Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation; the Outside Counsel shall give written instructions to its employees to comply with the provisions of the Protective Order as set forth in the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including Corporate Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; the Receiving Party shall give written instructions to its experts to comply with the provisions of the Protective Order as set forth in the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; the Receiving Party shall give written instructions to its experts to comply with the provisions of the Protective Order as set forth in the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), except that said Agreement need not be signed by any deposition witness who is a Producing Party or an employee, officer, director of a Producing Party. Pages

of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)    the author of the document or the original source of the information.

**7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)    Corporate Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving matters at issue in the Action (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A)

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (f)    the author of the document or the original source of the information.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.   FILING PROTECTED MATERIAL**

Without written permission from the Designating Party, before any Protected Material is filed with the Court for any purpose, the Party seeking to file such Protected Material shall seek permission of the Court to file the Protected Material under seal.

**11.  FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 30 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material (however attorney work product that does not specifically identify any Protected Material is not included).  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.  MISCELLANEOUS**

**12.1  Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2  Right to Assert Other Objections**.  By the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED: August _____, 2008        POPE, BERGER & WILLIAMS, LLP

3

4

5                                   By: s/Harvey C. Berger
                                        Harvey C. Berger

6
                                    Attorneys for Plaintiff
7                                   BRIAN HOUGH

8  DATED: August _____, 2008        LITTLER MENDELSON, P.C.

9

10                                  By: s/Van A. Goodwin
                                        Van A. Goodwin
11

12                                  Attorneys for Defendant
                                    AEROTEK, INC.

13 DATED: August _____, 2008        BINGHAM MCCUTCHEN LLP

14

15
                                    By: s/Wendy M. Lazerson
16                                      Wendy M. Lazerson

17                                  Attorneys for Defendant
                                    GENERAL MOTORS CORPORATION
18

19

20

21

22

23

24

25

26

27

28

12

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

     I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [_____] in the case of <u>Brian Hough v. Aerotek, Inc., et al.</u>, Case No. 08-cv-1076W (CAB).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                 [signature]